**"O"**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ALBERTO PEREZ, Plaintiff, v. JO ANNE B. BARNHART, Commissioner of the Social Security Administration, Defendant. | Case No. CV 05-4083-MLG<br>MEMORANDUM OPINION AND ORDER |

Plaintiff Alberto Perez ("Plaintiff") seeks review of the Commissioner's final decision denying his applications for Childhood Disability Benefits ("CDB") and Supplemental Security Income Benefits ("SSI") pursuant to Titles II and XVI of the Social Security Act. For the reasons stated below, the Commissioner's decision shall be affirmed and this action shall be dismissed with prejudice.

**I. <u>Factual and Procedural Background</u>**

Plaintiff was born on August 11, 1984. (Administrative Record ("AR") at 52, 150). He has more than a high school education, but no

past relevant work experience. (AR at 25).

Plaintiff filed applications for CDB and SSI on March 14, 2003, alleging that he had been disabled since August 1, 1986, due to autism.[1] (AR at 18, 54, 52-53, 150-52). The Social Security Administration denied these applications at the initial and reconsideration levels. (AR at 18, 33-36, 39-43).

At Plaintiff's request, an administrative hearing was held before Administrative Law Judge Stanley R. Hogg (the "ALJ") on August 24, 2004. (AR at 213-33). Plaintiff, who was represented by counsel, testified at the hearing. (AR at 216-33). On October 29, 2004, the ALJ issued a decision finding that Plaintiff was not under a disability, as defined in the Social Security Act. (AR at 18-26). The ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date and that Plaintiff suffers from the "severe" impairments of depressive disorder NOS and schizoid personality disorder, but that Plaintiff's impairments did not meet or equal one of the of the listed impairments in Appendix 1, Subpart P, Regulations No. 4 ("the Listings"). (AR at 21). The ALJ assessed Plaintiff with a residual functional capacity to perform unskilled work with minimal contact with the public, occasional interaction with co-workers and supervisors, and jobs not requiring frequent changes in routine. (AR at 23). Relying on Vocational Guideline Rule 204.00 and based on Plaintiff's age, education, and residual functional capacity, the ALJ determined that Plaintiff has the capacity to perform work that exists

---

[1] In 2000, Plaintiff was found disabled and awarded Childhood Supplemental Security Income due to autism. (AR at 207-12). These benefits were subsequently terminated based on total family income. (AR at 137).

in significant numbers in the national economy. (AR at 24); 20 C.F.R. Appendix 2, § 204.00. On April 12, 2005, the Appeals Council denied review. (AR at 6-8).

Plaintiff then commenced this action for judicial review. The parties filed a Joint Stipulation of disputed issues on February 3, 2006. Plaintiff raises the following arguments:

1. The ALJ failed to properly consider Plaintiff's mental impairment.
2. The ALJ failed to properly assess Plaintiff's subjective symptom testimony.
3. The ALJ failed to properly consider all of the evidence in the record.

Plaintiff seeks remand for a new administrative hearing and further development of the record. (Joint Stipulation at 12). The Commissioner requests that the ALJ's Decision be affirmed. (Joint Stipulation at 12). The Joint Stipulation has been taken under submission without oral argument.

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more

than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

## III. Discussion

### A. Plaintiff's Mental Condition

Plaintiff contends that the ALJ improperly relied on the opinion of an examining physician, Norma R. Aguilar, M.D., and failed to give proper consideration to other relevant medical evidence in assessing his mental impairment. Plaintiff's argument is not persuasive.

An ALJ may disregard a treating physician's opinion whether or not that opinion is contradicted. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)(ALJ may credit opinion of nontreating source based on independent clinical findings over treating physician's opinion)(citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). If the treating physician's opinion is contradicted, and the opinion of a non-treating source is based upon independent clinical findings that differ from those of the treating physician, the opinion of the non-treating source may itself be substantial evidence on which the ALJ may rely. *Andrews*, 53 F.3d at 1041. Where, on the other hand, a non-treating source's opinion contradicts that of the treating physician, but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician, the

opinion of the treating physician may be rejected only if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence. *Id.*; *Morgan v. Commissioner of Social Security*, 169 F.3d 595, 600 (9th Cir. 1999).

In July 2000, examining physician Maria Pamaran, M.D. completed a pediatric evaluation of Plaintiff. (AR at 197-200). Dr. Pamaran diagnosed Plaintiff with a history of autism per psychological report, history of aphasia[2] (improved) and ichthyosis.[3] (AR at 199). Dr. Pamaran noted a mild to moderate deficit in cognitive abilities, no deficit in communication, no deficit in motor skills, and a mild to moderate deficit in social/behavioral abilities. (AR at 199-200).

In May 2003, examining physician Norma R. Aguilar, M.D., completed a psychiatric evaluation of Plaintiff. (AR at 123-26). Dr. Aguilar diagnosed Plaintiff as suffering from depressive disorder, NOS (Axis I) and schizoid personality disorder (Axis II). (AR at 125). However, Plaintiff's mental status examination was unremarkable and his intellectual functions appeared to be intact. (AR at 124). Dr. Aguilar concluded that Plaintiff had the ability to follow and understand simple and complex instructions, comply with job rules such as safety and attendance, and respond to changes in the normal workplace setting. (AR at 125). Dr. Aguilar also found that Plaintiff would have mild to moderate difficulty interacting with supervisors, co-workers and the public, and mild difficulty maintaining persistence and pace in a normal workplace setting. (AR at 125). The ALJ properly credited Dr.

---

[2] Aphasia is defect or loss of the power of expression by speech, writing, or signs, or of comprehending spoken or written language.

[3] Ichthyosis is a congenital skin condition that causes scaling of the skin.

Aguilar's findings over the opinion of Dr. Pamaran because Dr. Aguilar based her report on independent clinical findings.[4] *See Andrews*, 53 F.3d at 1041.

Plaintiff criticizes the ALJ's reliance on Dr. Aguilar's opinion for a number of reasons. For example, Plaintiff asserts that Dr. Aguilar did not rely on any objective clinical tests. (Joint Stipulation at 4). Dr. Aguilar's report makes clear, however, that she interviewed Plaintiff, reviewed his history, and administered a mental status examination. (AR at 123-26). Plaintiff also complains that Dr. Aguilar was not a "board certified" psychiatrist. (Joint Stipulation at 4; AR at 125). Dr. Aguilar's lack of board certification is not a legitimate reason for rejecting her opinion. *See Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995)(rejecting argument that treating physician's opinion as to the claimant's mental functioning could be rejected because the treating physician was not a mental health specialist); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Moreover, Dr. Aguilar, unlike Dr. Pamaran who was a pediatrician, was a specialist in psychiatry and "board eligible." (AR at 125, 200).

Finally, Plaintiff asserts that Dr. Aguilar's opinion was inconsistent with other opinions of record. (Joint Stipulation at 4). In particular, Plaintiff asserts that Dr. Aguilar's opinion was

---

[4] Although Dr. Aguilar found that Plaintiff would have "mild" difficulty maintaining persistence and pace in a normal workplace setting, the ALJ concluded that Plaintiff had no limitations in maintaining concentration, persistence, or pace. (AR at 22). Because a "mild" restriction in concentration, persistence and pace is consistent with a non-severe mental impairment, any inaccuracy in the ALJ's consideration of Dr. Aguilar's opinion is inconsequential. 20 C.F.R. 404.1520a(d)(1), 416.920a(d)(1); *see Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991)(harmless error rule applies to review of administrative decisions regarding disability).

inconsistent with an October 2000 Childhood Disability Evaluation, which indicated that Plaintiff satisfied the criteria of Listing § 112.10 for autistic disorders and other pervasive developmental disorders. (Joint Stipulation at 4; AR at 200-07). The prior finding of disability, however, has minimal relevance to Plaintiff's current claims for benefits because it was based on his 2000 award of Children's SSI benefits, which had been terminated. (AR at 137). Although Plaintiff alleges that he has been disabled since 1986, the 2000 disability determination precedes the relevant period at issue in this case. A claimant found to be entitled to CDB benefits may receive retroactive benefits for, at most, up to twelve months prior to the date of filing of a CDB application. 20 C.F.R. § 404.621(a)(1). Claimants applying for SSI may not receive payments for a period predating the month in which they apply for benefits. 20 C.F.R. § 416.335. Here, Plaintiff did not apply for CDB or SSI until March 2003. (AR at 52-53, 150-52). Thus, the October 2000 Childhood Disability Evaluation did not address the relevant time period for Plaintiff's current application for benefits.

Plaintiff also asserts that Dr. Aguilar's opinion was contradicted by an April 1998 opinion from a social worker at Kaiser Permanente, Renee Nicholas, M.S.W. Ms. Nicholas reported that Plaintiff suffers from a marked social impairment and that Plaintiff has significant difficulty initiating conversation with others, and does not like to talk or engage with others. (AR at 194-95). As noted above, however, the ALJ's reliance on Dr. Aguilar's opinion was supported by substantial evidence because it was based on independent clinical findings. *See Andrews*, 53 F.3d at 1041.

\\

Further, although the ALJ did not discuss Ms. Nicholas' findings in the decision, her opinion pertained to the period that was not relevant to Plaintiff's current claims for benefits. Thus, any error in failing to address Ms. Nicholas' opinion was inconsequential. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)(an ALJ is not required to discuss all evidence presented, but must only explain why significant, probative evidence is rejected). And, because Ms. Nicholas was not an "acceptable medical source," the ALJ was not required to provide specific, legitimate reasons for rejecting her opinion. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)(requiring the ALJ to state reasons germane to lay witness testimony before rejecting such testimony); *see also Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997)(refusing to consider a special education teacher without a doctoral degree to be an "acceptable medical source"); 20 C.F.R. §§ 404.1513(a), (d)(a social worker without a doctorate does not meet the regulations' requirements for an "acceptable medical source," but does qualify as an "other source"), 416.913(a),(d) (same). In the decision, the ALJ noted that Plaintiff had not been treated at Kaiser Permanente since 1998. (AR at 19). Thus, the ALJ cited an adequate basis for rejecting Ms. Nicholas' opinion.

Plaintiff also maintains that the ALJ erred by failing to consult with a medical expert to resolve conflicts in the medical evidence. However, "[t]he ALJ is responsible for determining credibility and resolving conflicts in medical testimony." *Magallanes*, 881 F.2d at 750; *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996)("questions of credibility and resolution of conflicts in the testimony are functions solely for the Secretary"). Thus, Plaintiff's claim is without merit.

\\

**B. Plaintiff’s Credibility**

Once a claimant produces objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of pain or other symptoms, in the absence of any evidence of malingering, the ALJ may reject subjective symptom testimony only by offering specific, clear and convincing reasons for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). If the ALJ finds that a claimant’s testimony regarding the degree of pain and limitations is unreliable, the ALJ must “specifically identify what testimony is credible and what testimony undermines the claimant’s complaints.” *Morgan*, 169 F.3d at 599; *Lester*, 81 F.3d at 834. Resolving conflicts in the testimony and determining questions of credibility are functions solely of the Commissioner. *Morgan*, 169 F.3d at 599.

In this case, the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff’s testimony, with citations to the evidence. Although Plaintiff produced objective medical evidence to support limitations in social activities, the ALJ found that Plaintiff’s claim that he was disabled and unable to perform even unskilled work on a sustained basis to be not credible. (AR at 23). In particular, the ALJ found that Plaintiff’s admitted daily activities were inconsistent with his claim of disability. (AR at 23). While the ability to perform some household activities is not indicative of ability to work, most of Plaintiff’s daily activities are done without help and are done more than occasionally. Significantly, Plaintiff testified that he was attending college each day and carrying a full schedule, which includes courses in sign language, biology, philosophy, theater arts, accounting and two physical education classes. (AR at 217). Thus, the ALJ properly relied on the inconsistencies between Plaintiff’s claim of

disability and his admissions about things that he is still able to do despite his impairment. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001)(holding that daily activities may be sufficient to discredit a claimant's allegations where the claimant performed those activities "with no significant assistance"); *Light v. Social Security Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)(inconsistencies between testimony and conduct may be considered in weighing a claimant's credibility).

**C. Consideration of the Evidence**

Plaintiff asserts that the ALJ may not have considered the following medical records that were submitted to the Appeals Council: Dr. Pamaran's consultative examination report dated July 11, 2000; the 2000 Childhood Disability Evaluation; records from Kaiser Permanente dated February 22, 1988 through August 21, 1998; and a psychological evaluation completed by Victor Sanchez, Ph.D., dated June 11, 1998. (AR at 9, 156-212). Contrary to Plaintiff's claim, the ALJ addressed Dr. Pamaran's report in the decision and noted that records from Kaiser Permanente reflected that he had not received treatment there since 1998. (AR at 19, 92-94). Moreover, the Appeals Council considered the records cited by Plaintiff, but determined that they did not provide a basis for changing the ALJ's decision. (AR at 6). Indeed, none of the records submitted to the Appeals Council pertained to the relevant period of time for Plaintiff's current claims for benefits and Plaintiff has not shown that there was a "reasonable possibility" that the records would have changed the outcome of the administrative proceedings. *Booz v. Secretary of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir. 1984)(new evidence submitted to the Appeals Council is material if there is a "reasonable possibility" that it would have changed the outcome of

the administrative proceedings). Accordingly, any alleged error by the ALJ in failing to review the cited records was harmless. *Vincent*, 739 F.2d at 1394-95.

## IV. Conclusion

Based upon the applicable legal standards, the Court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 15, 2006

***/S/ Marc L. Goldman***

MARC L. GOLDMAN
United States Magistrate Judge